CLEMENT GOWAN and MARY GOWAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gowan v. Commissioner
Docket No. 4170-71.
United States Tax Court
T.C. Memo 1975-124; 1975 Tax Ct. Memo LEXIS 250; 34 T.C.M. (CCH) 595; T.C.M. (RIA) 750124; May 5, 1975, Filed Clement Gowan, pro se. William J. Salica, for the respondent. WILES
MEMORANUM OPINION WILES, Judge: Respondent determined a deficiency in petitioners' income tax for the taxable year 1967 in the amount of $1,487 and an addition to tax under section 6653(a) [1] of $74.35. The issues are: (1) Whether petitioners realized a gain upon the sale of certain real estate in 1967; (2) whether petitioners had unreported income of $8,000 during the year 1967; and (3) whether petitioners are liable for the asserted negligence penalty under section 6653(a). *251 Clement Gowan (hereinafter referred to as petitioner) and Mary Gowan are husband and wife who maintained a residence in East Orange, New Jersey, at the time the petition was filed. A joint Federal income tax return was filed for the taxable year 1967. The first issue is whether the petitioner's sale of real estate resulted in a taxable gain. Petitioner purchased a residence at 60 Grove Place, East Orange, New Jersey, in 1955 for approximately $8,000. The residence at 60 Grove Place was used as a boarding house as well as petitioner's personal residence. Petitioners had claimed deductions for depreciation in the amount of $1,120 on the rented portion of the property. In 1967 petitioner sold 60 Grove Place for $18,500 and within one year from such sale purchased another residence at 433 Prospect Street, East Orange, New Jersey, for at least $18,750. No gain from the sale of the residence at 60 Grove Place was reported on the 1967 joint Federal income tax return. Respondent determined that petitioner had a taxable gain of $2,250 in 1967 resulting from the use of a portion of the 60 Grove Place property for business purposes. In making his determination, respondent allowed petitioner *252 capital improvements of $2,000 and the benefit of the nonrecognition provisions of section 1034 [2] for that portion of the residence applicable to their personal use. At the trial, petitioner contended that he had made capital improvements in amounts sufficient to vitiate any gain on the sale of the property at 60 Grove Place. The determination of the Commissioner has the presumption of correctness and petitioner has the burden of proving it incorrect. Welch v. Helvering,290 U.S. 111 (1933), and Rule 142, Tax *253 Court Rules of Practice and Procedure. In this case petitioner presented no evidence other than his own testimony that he made expenditures for capital improvements in excess of those allowed by respondent. Petitioner therefore has failed to meet his burden of proof. We hold for respondent on this issue. The second issue is whether petitioner had unreported income of $8,000 during the taxable year 1967. Mrs. Marie Lutz, an elderly widow, became a boarder with the Gowans at 60 Grove Place in 1962. She lived with the Gowans as a boarder until her death in mid-1967. On June 21, 1966, Marie Lutz's individual bank account at the Orange Savings and Loan Association was changed to a joint account with Mary Gowan. On January 12, 1967, and February 27, 1967, withdrawals totaling $4,245.58 were made from this account by checks endorsed by either Mary Gowan or petitioner. On August 6, 1966, Marie Lutz's individual bank account at the Orange Savings Bank was changed from an individual account to a joint account with Mary Gowan. On January 27, 1967, and March 13, 1967, withdrawals totaling $3,815.82, constituting all of the funds in that account, were made by slips made payable to or endorsed *254 by Mary Gowan. After Mrs. Lutz's death no significant sums of money were found among her possessions. After Marie Lutz's death, a complaint was filed by one of her heirs in the Superior Court of New Jersey alleging misappropriation of funds by petitioner and Mary Gowan. On July 23, 1970, the Superior Court of New Jersey entered a judgment in this suit against petitioner and Mary Gowan in the amount of $65,073 plus interest. The oral opinion of the court held that petitioner and Mary Gowan had misappropriated $65,073 from Marie Lutz during the years 1962 through 1967. Section 61 provides that "gross income means all income from whatever source derived * * *." This definition includes funds which are misappropriated or illegally gained. James v. United States,366 U.S. 213 (1961), and Gaylord C. Peters,51 T.C. 226 (1968). At the trial in this case, petitioner did not contest the fact that he or his wife cashed checks for Marie Lutz in the amount of at least $8,000 during 1967. Petitioner's only defense is that all the money received was turned over to Mrs. Lutz. The only evidence which petitioner presented to prove this was his own uncorroborated *255 testimony and two notes ostensibly signed by Marie Lutz stating that she received all the money that was due her from cashed checks. Petitioner, however, presented no proof that the signatures on these notes were actually those of Marie Lutz and we therefore place no reliance on them. In light of the oral opinion of the Superior Court of New Jersey which concluded that petitioner and Mary Gowan were untruthful in their testimony before that court and had misappropriated Marie Lutz's money, we place little reliance on petitioner's uncorroborated testimony in this trial. Petitioner has therefore failed to meet his burden of proving that respondent's determination is incorrect. We hold for respondent on this issue. The third issue is whether an addition to tax should be assessed under section 6653(a) for underpayment of tax for 1967 "due to negligence or intentional disregard of rules and regulations." The burden of proof on this issue is upon petitioner. Estate of Ralph B. Campbell,56 T.C. 1 (1971). We find that petitioner has failed to meet his burden and therefore hold for respondent on this issue. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise indicated.↩
2. SEC. 1034. SALE OR EXCHANGE OF RESIDENCE. (a) Nonrecognition of Gain.--If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him after December 31, 1953, and, within a period beginning 1 year before the date of such sale and ending 1 year after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence.↩